h MIRIAM G. WALTZER, Judge.
STATEMENT OF THE CASE
On 8 March 2000, Reginald Johnson, through his counsel Greg Unger, filed a disputed claim for compensation against his employer, W.L. Decuers. Johnson alleged injuries to his legs, foot and mental health caused on 18 February 2000, alleg *677 edly when Johnson was shot by a fellow employee. Decuers filed an answer through counsel Thomas M. Ruli on 25 May 2000.
Johnson, through his counsel, filed a Statement of Evidence on 1 August 2000. Counsel for Decuers filed his Statement of Evidence on 18 August 2000. On 17 August 2000, the workers’ compensation judge set the matter for trial on 20 December 2000 as the first case on the docket. The judge notified the parties and their respective counsel of the trial date. On 29 November, counsel for Johnson filed a pretrial statement. Counsel for both Johnson and Decuers filed a joint motion to continue the trial, and the judge ordered the trial reset for 28 March 2001 as the first case on the docket.
On 28 March 2001, neither counsel was present. The judge acknowledged:
I received on yesterday, of which I was not here at the time — apparently it was received — a faxed, unopposed— |they2 call it an unopposed motion to continue the trial that’s set for today. This was sent by Mr. Putfark and Mr. Ruli, who I think subpoenaed you to be here, Mr. Dejon. There is no indication that your attorney concurs or agrees to continue the hearing today. However, his non-appearance here is apparently an agreement to continue. However, they have to have the permission of the Court to continue a trial. I just got it yesterday. I’m inclined to deny it. You’re welcome to proceed if you like without counsel, or you can let me know whether or not you want to continue your case today.
Johnson replied that he just wanted to tell the truth. “Will it be best (to proceed without counsel)? I don’t know. If it’s best for me to proceed without him, I’ll do it. It don’t matter.” Johnson asked for permission to speak with his brother, following which he told the judge, “My brother tells me it would be best for me to wait for a lawyer.... I don’t know if he’s going to come today. I think he said a continuance. He said to wait for the continuance.” The judge asked if Johnson wanted to call his counsel, and Johnson replied he would call him that day. At that point, the Judge said:
If we don’t proceed today, I’m letting you know I’m dismissing your case.
JOHNSON:
You’re dismissing it?
JUDGE TOOMBS:
I’m going to dismiss it.
JOHNSON:
Well, I’ll proceed today. I’m proceeding.
The Judge noted that the matter had been continued previously pending settlement and proceeded to try the case in the absence of counsel for both parties, and rendered judgment in favor of Johnson on 28 March 2001.
|sOn 8 April, Johnson’s counsel, Gregory Unger, filed a sworn affidavit saying:
1. I was the attorney of record for claimant, Reginald Johnson, in his claim for workers’ compensation benefits up until I withdrew on or about March 29, 2001;
2. Between the first setting for trial and the second setting, settlement negotiations were ongoing in Reginald Johnson’s workers’ compensation claim;
3. Prior to the March 28, 2001 trial date, Matthew Putfark, counsel for W.L. Decuers, contacted my office regarding a continuance, since return service had not been received from the investigating police officer, Scott Dejong, a key witness in Mr. Johnson’s workers’ compensation;
*678 4. I told Mr. Putfark that I had no opposition to a continuance of the March 28, 2001 hearing because of the lack of return service and the ongoing settlement discussions;
5. Matthew Putfark also offered to settle both Mr. Johnson’s workers’ compensation claim and intentional tort suit against W.L. Decuers;
6. I stated to Mr. Putfark that I had no opposition to a continuance of the March 28, trial and that I would discuss settlement of both suits with Mr. Johnson;
7. On March 29, 2001, Mr. Putfark contacted my office upon learning that Judge Toombs had proceeded with the March 28, 2001 trial without any counsel of record present. I was unaware that my client, Reginald Johnson, appeared and proceeded with trial;
8. Mr. Putfark and I immediately contacted Judge Toomb’s [sic] office for a telephone status conference;
9. It was at that time that Mr. Put-fark and I learned that the Unopposed Motion to Continue had been denied;
10. I asked Judge Toombs if the Court had attempted to contact either Mr. Putfark or myself regarding the denial of the motion to continue and her intention to proceed with the trial. Judge Toombs | ¿initially replied, “Why? I don’t have to do that!” She then advised that no.one from the Court attempted to contact either Mr. Putfark or myself. Mr. Johnson did not attempt to contact me.
Neither a return showing service on the investigating officer nor the Unger affidavit nor the unopposed motion can be found in the appellate record. However, it is clear from the transcript that the judge had received and reviewed the motion, and that the officer was present at the 28 March hearing and was prepared to testify. Since he was listed as a defense witness, Mr. Johnson did not call him. Since neither counsel for Johnson nor for De-cuers was present, no defense was presented at the hearing.
We reverse the judgment of the administrative judge and remand the case for new trial.
FIRST ASSIGNMENT OF ERROR: The trial court erred as a matter of law by denying appellant’s unopposed motion to continue the 28 March 2001 trial despite the clear mandate of La. Admin. Code 40:6103, and going forward with trial in the absence of both counsel of record.
The Louisiana Administrative Code provides in pertinent part:
Continuance shall be granted as provided in the Code of Civil Procedure Articles 1601, et seq.
* * *
C. If uncontested, the moving party shall certify to the court that he has spoken to opposing counsel, that no opposition exists and that all witnesses have been timely notified of the continuance. The uncontested motion shall be granted.
| ¡¡The codal provision is mandatory. In this case, the judge’s action denying the unopposed motion for continuance and proceeding with the trial without notice to either counsel of record clearly prejudiced Decuers, who effectively was denied the opportunity to present a defense.
This assignment of error has merit.
SECOND ASSIGNMENT OF ERROR: The trial court erred in awarding appel-lee indemnity benefits absent objective evidence to support the award.
Because of our disposition of Decuers’ first assignment of error, this assignment is moot.
*679 CONCLUSION AND DECREE
For the foregoing reasons, the judgment of the workers’ compensation administration is reversed and the case is remanded.
REVERSED AND REMANDED.